875 F.2d 867
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Frank J. ROBINETTE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 88-5208.
 United States Court of Appeals, Sixth Circuit.
 June 6, 1989.
 
 Before MERRITT and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Claimant Frank J. Robinett[1] appeals from the judgment in favor of the Secretary of Health and Human Services (the Secretary) in this action seeking judicial review of a final decision of the Secretary denying claimant's application for a period of disability, disability insurance benefits and supplemental security income benefits. For the following reasons, we affirm the judgment of the district court.
 
 I.
 
 2
 Claimant was born on June 6, 1938. He completed the sixth or seventh grade and has a relevant work history as coal mine roof bolter and railroad brakeman. Claimant applied for disability insurance benefits and supplemental security income benefits on May 31, 1983,[2] alleging he was disabled due to back and leg trouble, lung trouble and nervousness. His applications were denied initially and upon reconsideration. A hearing was held before an Administrative Law Judge (ALJ). After the hearing the ALJ denied benefits, finding that claimant did not have a severe impairment. The Appeals Council denied review and the decision became the final decision of the Secretary. Claimant sought judicial review of this decision. The district court remanded the case for reconsideration of the Secretary's severity finding.
 
 
 3
 A supplemental hearing was held on June 30, 1986, at which claimant and Dr. William Weikel, a vocational expert, testified. The ALJ issued a decision on September 5, 1986 in which he carried the sequential evaluation of claimant's allegation of disability to completion at the fifth step. See 20 C.F.R. Secs. 404.1520, 416.920. Based on the medical evidence and the testimony of the vocational expert, the ALJ found that claimant had severe status post laminectomy, chronic pulmonary disease, depression, adjustment disorder with mixed emotional features, and personality disorder. He found that claimant could not perform a full range of light or medium work but he possessed the ability to perform work in a clean environment which required only a fair ability to make occupational and social adjustments. Based on the vocational expert's testimony, he found that there were a significant number of jobs in the national economy which claimant could perform given his limitations. The Appeals Council adopted this decision on November 7, 1986. Claimant once again sought review in the district court. On December 16, 1987, the court granted summary judgment for the Secretary. Claimant timely appeals.
 
 II.
 
 4
 This court has jurisdiction on appeal to review the Secretary's decision pursuant to 42 U.S.C. Sec. 405(g), which specifies that the Secretary's factual findings are conclusive if supported by substantial evidence. " 'Substantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir.1981) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)), cert. denied, 461 U.S. 957 (1983). In determining this question, we must examine the evidence in the record "taken as a whole." Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), and " 'must take into account whatever in the record fairly detracts from its weight.' " Beavers v. Secretary of Health, Educ. & Welfare, 577 F.2d 383, 387 (6th Cir.1978) (quoting Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951)). If it is supported by substantial evidence, the Secretary's determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently. Kinsella v. Schweiker, 708 F.2d 1058, 1059 (6th Cir.1983) (per curiam). "Thus the court may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility." Gaffney v. Bowen, 825 F.2d 98, 100 (6th Cir.1987).
 
 
 5
 Claimant argues that the ALJ did not properly consider his subjective complaints of pain.[3] We find this argument to be without merit.
 
 
 6
 We review claimant's allegations of disabling pain under the following standard. Initially, there must be objective evidence of an underlying medical condition. If such evidence exists, there must be objective medical evidence to confirm the severity of the alleged pain arising from that condition or the objectively determined medical condition must be of a severity which can reasonably be expected to give rise to the alleged disabling pain. Duncan v. Secretary of Health & Human Servs., 801 F.2d 847, 853 (6th Cir.1986).[4]
 
 
 7
 The ALJ applied this standard and made the following finding concerning claimant's subjective complaints of pain:
 
 
 8
 The objective clinical findings in the record are not wholly consistent with the degree of pain and the claimant's stated limitations. While he is certainly restricted from performing certain strenuous physical activities, the recent examining physicians have not offered the opinion that the claimant's pain was totally disabling. His treating physician, Dr. Gibson, indicated that with conservative treatment the claimant showed progressive improvement with decreased amounts of pain and with the claimant ambulating with much less difficulty suggesting that while the claimant does have pain from time to time it is not completely disabling. The totality of the evidence does not demonstrate that the claimant experiences pain of such severity and duration as to preclude all kinds of substantial gainful activity.
 
 
 9
 We believe the ALJ's finding is supported by substantial evidence.
 
 
 10
 In May of 1985, claimant underwent surgery for removal of a ruptured disc. The record contained the reports of three physicians who examined claimant after this surgery.
 
 
 11
 In an evaluation by Dr. Joseph Rapier on August 19, 1985, range of motion testing revealed sixty degrees of flexion, ten degrees of extension and lateral bending and twenty degrees of rotation to both sides. No significant motor or sensory loss was noted. Straight leg raising was positive at seventy-five degrees. Based on his evaluation, Dr. Rapier rated claimant's functional impairment at 18%.
 
 
 12
 Dr. Robert Sexton, a neurologist, evaluated claimant on September 28, 1985. Dr. Sexton, while noting marked pain on extension and decreased exteroception of the right S1 dermatome, diagnosed status post lumbar laminectomy resulting in a permanent partial disability of 18%.
 
 
 13
 Claimant was also evaluated by Dr. Eugene Parr. Dr. Parr noted that claimant was thirty-five pounds overweight and gave the general appearance of being healthy, comfortable and cooperative. Range of motion studies revealed flexion of fifty degrees, extension of twenty degrees, and lateral bending and rotation within normal limits. Dr. Parr's diagnosis was degenerative disc disease, lumbrosacral disc interspace, a history of low back surgery and obesity resulting in a permanent partial function impairment of 10%. Finally, Dr. Parr opined that the elimination of claimant's excess weight would more than likely make his back more comfortable.
 
 
 14
 Finally, the evidence shows that Dr. Gibson, claimant's physician, hospitalized claimant for treatment and evaluation of his pain. After treatment, claimant showed progressive improvement with decreased amounts of pain and was ambulating with much less difficulty. Claimant was discharged in a much improved condition.
 
 
 15
 While these physicians noted claimant's subjective complaints, none found him totally disabled due to pain. Nor did the medical evidence indicate that claimant's condition was of a severity to give rise to disabling pain. Based on the foregoing, we hold that the Secretary properly applied the Duncan standard and that his finding concerning claimant's subjective complaints of pain is supported by substantial evidence. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 [1]
 Although most of the documents filed with this court spell claimant's name as it appears in the caption of this case, claimant spelled his name without the final "e" on his application for benefits
 
 
 [2]
 Claimant had applied for benefits on two prior occasions. On both occasions his application was denied and claimant did not pursue his judicial remedies
 
 
 [3]
 Claimant also challenges the Secretary's findings concerning his pulmonary impairment. We believe the findings relating to this impairment and its effect on claimant's ability to perform the jobs enumerated by the vocational expert are supported by substantial evidence
 
 
 [4]
 This court has recently held that the Duncan standard is applicable to cases decided after January 1, 1987, the sunset of the Social Security Disability Reform Act of 1984. McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1003 (6th Cir.1988)